RECORD NO. 14-4905

IN THE

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

MICHAEL SCHNITTKER,

*Defendant - Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

_____

**REPLY BRIEF OF APPELLANT
MICHAEL SCHNITTKER**

_____

Cary Citronberg
John Kenneth Zwerling
114 North Alfred Street, Suite 101
Alexandria, Virginia  22314
(703) 684-8000 Telephone
(703) 684-9700 Facsimile

*Counsel for Appellant*
*Michael Schnittker*

**LANTAGNE LEGAL PRINTING** 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................. ii

PRELIMINARY STATEMENT ............................................................1

ARGUMENT ......................................................................................1

    I.    THE DISTRICT COURT ERRED IN FINDING THAT THE PLEA TO THE ORIGINAL INDICTMENT ONLY COVERED "CONDUCT RELATED TO THE WESTERN DIGITAL HARD DRIVE." .................................................1

        A.    Shepard should be extended to the facts of this case ...............1

        B.    A defendant's choice to remain silent does not narrow the scope of double jeopardy protections .........................................3

    II.    THE DISTRICT COURT ERRED IN CONCLUDING THAT THE SECOND INDICTMENT ONLY PUT THE DEFENDANT IN JEOPARDY OF CONDUCT RELATED TO THE MAXTOR HARD DRIVE ............................................7

    III.    THE DISTRICT COURT ERRED IN CONCLUDING THAT A DEFENDANT MAY BE TWICE CONVICTED AND SENTENCED FOR THE SAME IMAGES UNDER 18 U.S.C. § 2252(A)(4) ....................................................8

    IV.    THE GOVERNMENT'S SUPPLEMENTAL ARGUMENTS ARE UNAVAILING ................................................................9

CONCLUSION ....................................................................................11

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .....................12

CERTIFICATE OF FILING AND SERVICE ......................................13

# TABLE OF AUTHORITIES

## CASES

*Descamps v. United States*,
133 S. Ct. 2276 (2013).................................................................3, 4, 7

*Green v. United States*,
355 U.S. 184 (1957)........................................................................5

*Jordan v. Commonwealth of Virginia*,
653 F.2d 870 (4th Cir. 1980) ...........................................................5

*Martin v. Taylor*,
857 F.2d 958 (4th Cir. 1988) ...........................................................5

*Monge v. California*,
524 U.S. 721 (1998)........................................................................2

*Ohio v. Johnson*,
497 U.S. 493 (1984).................................................................10, 11

*Price v. Georgia*,
398 U.S. 323 (1970)........................................................................5

*Sattazahn v. Pennsylvania*,
537 U.S. 101 (2003)........................................................................2

*Shepard v. United States*,
544 U.S. 13 (2005).................................................................1, 2, 7

*State v. Kameroff*,
171 P.3d 1160 (Alaska Ct. App. 2007).............................................11

*United States v. Bowman*,
523 F. App'x 767 (2d Cir. 2013)......................................................4

*United States v. Curbelo*,
343 F.3d 273 (4th Cir. 2003) ...........................................................5

ii

*United States v. Dudeck*,
    657 F.3d 424 (6th Cir. 2011) ........................................................................8

*United States v. Ehle*,
    640 F.3d 689 (6th Cir.2011) .....................................................................8. 9

*United States v. Grummer*,
    474 F. App'x 667 (9th Cir. 2012).................................................................5

*United States v. Halliday*,
    672 F.3d 462 (7th Cir. 2012) ........................................................................5

*United States v. Lagrone*,
    773 F.3d 673 (5th Cir. 2014) ........................................................................2

*United States v. Luskin*,
    926 F.2d 372 (4th Cir. 1991) ........................................................................9

*United States v. Mackins*,
    315 F.3d 399 (4th Cir. 2003) ........................................................................4

*United States v. Mason*,
    532 F. App'x 432 (4th Cir.)...........................................................................5

*United States v. Milam*,
    443 F.3d 382 (4th Cir. 2006) ....................................................................3, 4

*United States v. Olmeda*,
    461 F.3d 271 (2d Cir. 2006) .........................................................................3

*United States v. Overton*,
    573 F.3d 679 (9th Cir. 2009) ........................................................................4

*United States v. Quinones*,
    906 F.2d 924 (2d   Cir. 1990) .....................................................................10

*United States v. Schales*,
    546 F.3d 965 (9th Cir. 2008) ........................................................................8

*United States v. Stefanidakis,*
    678 F.3d 96 (1st Cir. 2012)................................................................4

*United States v. Woods,*
    684 F.3d 1045 (11th Cir. 2012) .......................................................5

## STATUTES

18 U.S.C. § 2252(A) ............................................................................8, 9

18 U.S.C. § 2252(A)(4)........................................................................8, 9

## OTHER AUTHORITIES

*Lissa Griffin, Two Sides of A "Sargasso Sea": Successive Prosecution for
    the "Same Offence" in the United States and the United Kingdom,* 37
    U. Rich. L. Rev. 471, 508 (2003) ....................................................5

## PRELIMINARY STATEMENT

The government's brief directs the overwhelming bulk of its response to the first issue raised by the Defendant, and therefore much of this brief will relate to that issue. Again, we stress that this is not meant to reflect any position on the relative merit of this argument as compared with the other two arguments, which may constitute stronger and more straightforward bases for reversal. The government's brief is peculiarly silent regarding the latter two issues, despite the substantial legal matters raised by them.

## I. THE DISTRICT COURT ERRED IN FINDING THAT THE PLEA TO THE ORIGINAL INDICTMENT ONLY COVERED "CONDUCT RELATED TO THE WESTERN DIGITAL HARD DRIVE."

The government raises two points in its reply: first, that *Shepard v. United States*, 544 U.S. 13 (2005) is inapplicable in this case and, second, that the Defendant, by remaining silent, impliedly acquiesced to a narrowing of the scope of the plea in his case.

### A. *Shepard* should be extended to the facts of this case.

The government claims that it is "primarily relying on the plea colloquy" to establish that the Defendant would have understood that jeopardy only attached to the Western Digital hard drive at the plea hearing. Gov't Brief at 13, n.3. The government further states any contrary reading of the plea colloquy is "objectively false" by "any measure." *Id.* at 14. The government misapprehends what a

"colloquy" is, at least in this context. As explained in *Shepard*, it means the "colloquy *between judge and defendant* in which the factual basis for the plea was *confirmed by the defendant*." 544 U.S. at 26 (emphasis added).

Therefore, if *Shepard* applies to this case, this issue resolves against the government. As the government points out, the Defendant has not identified any authority in which *Shepard* was extended to the double jeopardy context. However, counsel has also not identified contrary authority, so this is an issue of first impression. We acknowledge that *Shepard* dealt with determining the appropriate offense of conviction in the context of Sixth Amendment rights, while this case deals with the determining the offense of conviction as relates to the Fifth Amendment right against double jeopardy. However, the Supreme Court has concluded that an offense of conviction should be determined similarly under both provisions. *Sattazahn v. Pennsylvania*, 537 U.S. 101, 111 (2003) (citing *Monge v. California*, 524 U.S. 721, 738 (1998) (SCALIA, J., dissenting)).[1] Moreover, the concerns raised by the Supreme Court about erroneous judicial fact-finding by delving into the mental state of a defendant are applicable in both contexts.

---

[1] *See also United States v. Lagrone*, 773 F.3d 673, 678 (5th Cir. 2014) ("While *Apprendi* addressed the issue as it related to the Sixth Amendment's guarantee of a jury trial, a plurality of the Supreme Court has indicated that the elements constituting an offense for Sixth Amendment purposes may also serve as the elements for the purposes of the Fifth Amendment's double-jeopardy prohibition.").

**B.   A Defendant's choice to remain silent does not narrow the scope of double jeopardy protections.**

Even assuming this Court does not strictly apply *Shepard* to this case, the opinion, and its progeny in *Descamps v. United States*, 133 S. Ct. 2276, 2289 (2013), nonetheless illustrate the general principle that an unacknowledged statement by the government should not be considered strong evidence regarding the scope of a plea.  Although the government repeatedly mentions *United States v. Olmeda*, 461 F.3d 271 (2d Cir. 2006) in its brief, the test from *Olmeda* relates to how one would "construe the indictment," where that indictment is vague.  *Id.* at 275.   Unlike in *Olmeda*, this case does not involve a vague or ambiguous indictment—the indictment was clear, and included all of the hard drives. This test, therefore, does not neatly align with the government's position, because the issue here is how the Court should construe an ambiguous *plea*, not an ambiguous *indictment*. What the government is asking the Court to hold, is that where the government states its interpretation of a plea as being narrower than the scope of an indictment, and the defendant does not stand up and affirmatively object, he impliedly acquiesces to the government's position.

There is a tension between the government's position and authority in both this Court and the Supreme Court.  For instance, this Court has held that "[t]o presume, infer, or deem a fact admitted because the defendant has remained silent, however, is contrary to the Sixth Amendment."  *United States v. Milam*, 443 F.3d

3

382, 387 (4th Cir. 2006). The Supreme Court has derided the usefulness of a "supposed acquiescence to a prosecutorial statement irrelevant to the crime charged." *Descamps*, 133 S. Ct. at 2289.

In support of its argument, the government relies on various distinguishable cases. In the most factually analogous case, "[d]uring the hearing on Bowman's change of plea, the government drew [a] distinction [and] . . . *[b]oth Bowman and his attorney agreed with the government's description*. His argument was *therefore* waived." *United States v. Bowman*, 523 F. App'x 767, 769 (2d Cir. 2013) (emphasis added). In *United States v. Mackins*, the only successive prosecution case cited by the government, there were myriad differences between the two indictments which "overlap[ped] *to some extent* in terms of time, place, and personnel." 315 F.3d 399, 411 (4th Cir. 2003) (emphasis added). In this case, the entirety of the conduct charged in the second indictment is subsumed within Count Two of the original indictment.[2] In *United States v. Stefanidakis*, 678 F.3d 96, 100 (1st Cir. 2012), it was the indictment itself that clearly delineated different images for the possession count. In *United States v. Overton*, 573 F.3d 679, 697 (9th Cir. 2009), the trier of fact made clear in the verdict that each count was based on

---

[2] The instant case is therefore not a situation where the government went to the grand jury and made a deliberate effort to charge separate conduct in a new indictment like in *Mackins*. Here, the government returned to the grand jury and expressly charged Mr. Schnittker in the second indictment with possessing and receiving child pornography on the medium to which he had already pleaded guilty).

separate conduct. In *United States v. Woods*, 684 F.3d 1045, 1061 (11th Cir. 2012), the court relied in part on a bill of particulars.

*United States v. Halliday*, 672 F.3d 462, 471 (7th Cir. 2012), *United States v. Mason*, 532 F. App'x 432, 437 (4th Cir.), and *United States v. Grummer*, 474 F. App'x 667, 667-68 (9th Cir. 2012) all involved trials, not guilty pleas. In these cases, the courts examined prosecutorial evidence at trial to determine whether a potential double jeopardy violation was harmless. *See, e.g., United States v. Halliday*, 672 F.3d 462, 471 (7th Cir. 2012) ("the prosecutor's statements and the evidence at trial showed that there were different download dates and therefore separate conduct. Any error was therefore harmless.").[3]

By contrast, the government here references these sources not to show whether overwhelming evidence would have justified separate convictions (which

---

[3] There are two other noteworthy distinctions with these cases. First, they all involved plain error as no objection was lodged at trial. Second, they involved multiplicity error. Double jeopardy violations arising out of successive prosecutions, by contrast, constitute structural errors because "[t]he Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict." *Price v. Georgia*, 398 U.S. 323, 331 (1970); *Green v. United States*, 355 U.S. 184, 187 (1957); Lissa Griffin, *Two Sides of A "Sargasso Sea": Successive Prosecution for the "Same Offence" in the United States and the United Kingdom*, 37 U. Rich. L. Rev. 471, 508 (2003) ("a double jeopardy violation is a structural error that is not subject to harmless error analysis."); *United States v. Curbelo*, 343 F.3d 273, 286 (4th Cir. 2003); *Martin v. Taylor*, 857 F.2d 958, 962 (4th Cir. 1988) ("Successive prosecutions implicate a component of double jeopardy protection not implicated in single prosecutions of joined charges such as those involved in *Blockburger* ...: the protection against retrial itself.") (citing *Jordan v. Commonwealth of Virginia*, 653 F.2d 870, 873 (4th Cir.1980)).

was objectively obvious in every cited case), but rather to dig into the mind of the Defendant during his plea (which is highly speculative). There is no authority for the proposition that an unacknowledged prosecutorial statement regarding the scope of the plea is constructively adopted by the Defendant. There was no plea agreement in this case, and the Defendant certainly had the *right* to plead guilty to all 18,000 files on the two hard drives. The government argues that he *chose* to plead guilty to only the 16,000 files on the Western Digital.

But why would he make this choice? Although it offers no reason why he would have made the choice, the government nonetheless argues that the Defendant must have made it, because he failed to object to the prosecutor's characterization of the plea. However, no authority is cited for the position that the remaining silent in this context constitutes an acquiescence. Neither the government not the Court inquired of Mr. Schnittker or his counsel whether this position was shared.[4] This position was not referenced in the Statement of Facts to which Mr. Schnittker agreed, and if this were an agreed position, then one would

---

[4] The government professes surprise that counsel would have "with[e]ld [the] critical information" that the government wanted to focus on 16,000 of the files instead of all 18,000 in the plea, which would have no impact on the sentencing guidelines. Gov't Brief at 14-15, n.4. As explained in the opening brief, this issue only became "critical" *after* there was a superseding indictment, and defense counsel did not know about the possibility of a superseding indictment until it was procured the week after the plea. Indeed, in its responsive brief, the government argues that absent the superseding indictment, this issue would not have been "critical," rather it would have been irrelevant. Gov't Brief at 18-20.

expect it to appear in the agreed Statement of Facts. Further, the indictment specifies that upon any plea to the possession count, the Defendant "shall" forfeit the Maxtor. J.A. 16. The government offers no explanation why the Defendant would have understood or believed that "shall" was converted into "need not" at the plea hearing. Indeed, the government's brief is silent on this last point. In sum, these various concerns illustrate the logic underlying the *Shepard/Descamps* principle, that using unacknowledged prosecutorial remarks as conclusive proof regarding the scope of a plea is improper. This Court should not hold that silence denotes acquiescence, and should therefore find that the plea was to all items listed in the indictment.

## II. THE DISTRICT COURT ERRED IN CONCLUDING THAT THE SECOND INDICTMENT ONLY PUT THE DEFENDANT IN JEOPARDY OF CONDUCT RELATED TO THE MAXTOR HARD DRIVE.

Curiously, the government offers no rejoinder to this argument, nor any contrary authority which would undermine the authority cited by the defense. This Court should therefore find that the government has, through its silence, impliedly acquiesced to the correctness of this argument.

### III.  THE DISTRICT COURT ERRED IN CONCLUDING THAT A DEFENDANT MAY BE TWICE CONVICTED AND SENTENCED FOR THE SAME IMAGES UNDER 18 U.S.C. § 2252(A)(4)

Again, the government's brief ignores the authority cited by the Defendant, which elaborates upon the distinction between §§ 2252 and 2252A.[5]  The government continually cites to *United States v. Schales*, 546 F.3d 965 (9th Cir. 2008), without any commentary or argument regarding the fact that the dicta in that case has been rejected by every other circuit.  The government may misunderstand this issue.  If one possesses an image on a hard drive, which is then transferred to another hard drive, one may be prosecuted for two separate counts under § 2252A, because possessing an image on one hard drive does not mean it must necessarily be transferred to a second hard drive.  Possessing an image on one hard drive is not a lesser-included offense of possessing it on another hard drive.  Therefore, separate possession counts under § 2252A, or receipt and possession convictions based on the same images under § 2252A, do not violate the Double Jeopardy Clause.  By contrast, receipt onto a hard drive inherently necessitates possession on that hard drive, which is why the Double Jeopardy Clause bars dual convictions.  *See United States v. Ehle,* 640 F.3d 689, 695 (6th Cir.2011) ("'Receiving' child pornography necessarily requires one to 'possess' that child pornography.").

---

[5] For instance, the government starts its argument with a citation to *United States v. Dudeck*, 657 F.3d 424 (6th Cir. 2011), but fails to note that it was a § 2252A case.

The lesser-included argument, explained above, is a different issue than the statutory argument regarding whether Congress intended to authorize separate convictions and punishment for duplicate files on different hard drives. As the authority in the opening brief made clear, Congress chose to punish such conduct separately in the § 2252A context, but not in the § 2252 context. The government's response either ignores or misunderstands this issue.

The government alternately argues that even if the District Court was incorrect in finding that convictions for duplicate files were permissible under *Schales*, the separate convictions were appropriate in this case because, in fact, the files contain different images. This is a factual conclusion that the District Court did not make or reach. J.A. 260. The District Court pointed out the files might be identical, but with different filenames. *Id.* It is not the place of this Court in the first instance to make such factual determinations.

## IV.    THE GOVERNMENT'S SUPPLEMENTAL ARGUMENTS ARE UNAVAILING

The government raises two additional points in its response. It argues that, even if this Court reverses, a District Court as a general matter is required to exercise its discretion in favor of dismissing the less serious charge. Gov't Brief at 18-20. This is not accurate, as this Court has simply characterized such exercise of discretion as "the better practice." *United States v. Luskin*, 926 F.2d 372, 378 (4th Cir. 1991). More importantly though, in this case, the District Court has no

discretion, because jeopardy did not attach to all the counts simultaneously here as they would with a trial.  Here, jeopardy attached to the possession count on April 17, 2014, and to the receipt count on June 30, 2014.  The District Court has no authority to vacate the earlier conviction because of a later conviction to the same conduct—that is the whole point of the Double Jeopardy Clause.[6]

The government's alternate argument is that this case is governed by *Ohio v. Johnson*, 497 U.S. 493 (1984).[7]  Gov't Brief at 21-22. The only authority cited by the government for this position is *United States v. Quinones*, 906 F.2d 924 (2d

---

[6] The government is perhaps suggesting this Court should issue an advisory opinion on how the District Court should exercise its discretion on remand. However, the better practice would be to allow the District Court to rule, and then the government may appeal if it believes that discretion was abused.

[7] As an initial matter, although legally irrelevant to the issues before the Court, we are compelled to address the government's contention that the new indictment was procured merely to effectuate "an incidental change to the date range."  Gov't Brief at 22. We doubt this Court would readily accept that the government would return to a grand jury in order to procure a new indictment for no particular reason.  As explained by counsel during the argument, the date range was changed because the dates as written on the original indictment would have complicated the government's ability to obtain a conviction on the receipt count, due to various technical issues such as software installation dates and related concerns.  JA 184, 192.  When the defense informed the government that the defense intended to plead guilty to the possession count, there were, obviously, certain considerations which motivated that decision, and the government was likely aware that that this decision may not have been made if the defense had been advised of the government's intent to supersede.  So instead, the government remained quiet and allowed the defense to plead guilty, without informing the defense of its intent to supersede, thereby locking in the conviction.  Then, the following week, once the conviction was locked in, the government procured the new indictment, to the Defendant's and defense counsel's surprise.

Cir. 1990), which involved a defense attorney who deceived the government about the purpose of a hearing he had noticed, ambushed the government by pleading guilty by surprise at that hearing, and was then admonished by the court, before the guilty plea, that the government would be permitted to supersede with its new indictment.  Those facts are the opposite of the facts in this case, where the government voiced no objection to the plea, and remained silent about a superseding indictment which would follow seven days later.  For *Ohio v. Johnson* to apply, the government must demonstrate that the Defendant was aware that a superseding indictment was coming, and must also object at the time of the plea and indicate its intent to supersede.  *State v. Kameroff*, 171 P.3d 1160, 1164 (Alaska Ct. App. 2007) (aggregating *Quinones* and other applicable authority).  As neither requirement is present in this case, *Ohio v. Johnson* is inapplicable.

## CONCLUSION

For the above stated reasons, this Honorable Court should vacate Appellant's conviction for Count 1 of the second indictment.

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,908 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using a proportionally spaced typeface using Microsoft Word 2003 in 14-point, Times New Roman font.

_____/s/_____
Cary Citronberg, Esq.
Counsel for Appellant Michael
Schnittker
Law Offices of John Zwerling, P.C.
114 North Alfred Street
Alexandria, VA 22314
703-684-8000 (office)
703-684-9700 (fax)
cary@zwerling.com

## **CERTIFICATE OF SERVICE**

I have this 8th day of April, 2015, filed the required copies of the foregoing brief with the Clerk of the Court via hand delivery and electronically using the CM/ECF system which will send notification of such filing to opposing counsel as follows:

Matthew J. Gardner
OFFICE OF THE UNITED STATES ATTORNEY
2100 Jamieson Avenue
Alexandria, Virginia 22314-5194
(703) 299-3824 Telephone
(703) 299-3981 Facsimile

_____/s/_____
Cary Citronberg, Esq.
Counsel for Appellant Michael
Schnittker
Law Offices of John Zwerling, P.C.
114 North Alfred Street
Alexandria, VA 22314
703-684-8000 (office)
703-684-9700 (fax)
cary@zwerling.com